UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| AUDREY L. BESSERMAN, | Case No. 2:11-cv-01340-APG-VCF |
|---|---|
| Plaintiff, | **ORDER SETTING ASIDE ENTRY OF DEFAULT** |
| v. | |
| CALIFORNIA FACTORS AND FINANCE (ARIZONA), INC. dba COMMERCIAL FACTORS OF PHOENIX also dba COMMERCIAL FINANCE GROUP, INC., | |
| Defendants. | |

Before the Court are Defendant California Factors and Finance (Arizona), Inc.'s Motion to Set Aside Entry of Default [Dkt #43], and Plaintiff Audrey Besserman's Counter-Motion for Default Judgment [Dkt #47].

**PROCEDURAL POSTURE**

Plaintiff's original Complaint was filed with this Court on August 17, 2011. The only identified defendant named in the original Complaint was "The Commercial Finance Group." On October 27, 2011, Commercial Finance Group ("CFG") filed a Motion to dismiss the Complaint on the basis that it was not Plaintiff's employer and should not be a defendant in the lawsuit. On April 9, 2012, the Court issued an Order granting Plaintiff leave to amend her Complaint, and denying CFG's Motion to Dismiss as moot. On May 1, 2012, Plaintiff filed her Amended Complaint, naming California Factors as a defendant for the first time.

Plaintiff did not serve California Factors with the Amended Complaint and Summons at its Las Vegas location. Instead, she attempted service at an address in Glendale, Arizona, which California Factors had not occupied for over a year. When Plaintiff could not affect service at the Arizona address, she opted to serve California Factors through the Arizona Corporation Commission. California Factors did not answer within the time frame allowed under the applicable rules. On November 9, 2012, Default was entered against California Factors. California Factors now seeks to have the Default set aside.

**ANALYSIS**

It is the general policy of courts to decide cases on the merits where possible. *See Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985). "The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed.R.Civ.P. 55(c). "The 'good cause' standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b)." *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925 (9th Cir. 2004). As a practical matter, however, courts have broader discretion in granting relief from an entry of default. *See Brady v. United States,* 211 F.3d 499, 504 (9th Cir. 2000) ("A district court's discretion is especially broad when … it is entry of default that is being set aside, rather than a default judgment." (internal quotation marks and citation omitted)).

The Ninth Circuit has held that courts should consider three factors when weighing whether good cause exists to vacate a default judgment: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; and (3) whether reopening the default judgment would prejudice the plaintiff. *Franchise Holding II,* 375 F.3d at 925–26. "Where timely relief is sought from a default … and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the [default] so that cases may be decided on their merits." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945–46 (9th Cir. 1996) (internal quotation marks and citation omitted).

### A. Whether the defendant's culpable conduct led to the default

The first inquiry is whether the default resulted from culpable conduct by the defendant. In *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 698 (9th Cir. 2001), the court noted that relief from default cannot be barred simply because the defendant consciously allowed the default to be entered. Instead, relief will only be denied where there has been a willful, deliberate or bad faith decision by the defendant. "Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process is not 'intentional' under our default cases, and it is therefore not *necessarily*—although it certainly may be, once the equitable factors are considered—culpable or inexcusable." *Id.* at 697–98 (emphasis in original).

Once California Factors learned of the lawsuit and that Plaintiff was claiming that service had been completed, it retained counsel and promptly moved to set aside entry of default. It does not appear that California Factors' conduct was culpable. To the contrary, its California general counsel spoke with Plaintiff's counsel and agreed to accept service of process. *See* Reply [Doc. #49] at 2:3-10 and Exhibit A thereto. Plaintiff's counsel ignored this offer and decided to attempt service through alternative means. *Id.* This first factor weighs in favor of setting aside entry of default.

### B. Whether the defendant has a meritorious defense

The second factor to consider is whether the defendant can present a meritorious defense to the Complaint. *TCI Group,* 244 F.3d at 700. The burden on a party seeking to vacate a default judgment is not heavy. *Id.*; *see also Olson v. Stone (In re Stone)*, 588 F.2d 1316, 1319 n.2 (10th Cir. 1978) (movant need only demonstrate facts or law showing that "a sufficient defense is assertible").

> In determining whether a meritorious defense has been asserted, it is sufficient if it contains even a hint of suggestion which, proven at trial, would constitute a complete defense. … The key consideration is to determine whether there is some possibility that the outcome of the suit

> after a full trial will be contrary to the result achieved by the default. … Any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits. … In determining whether a defaulted defendant has a meritorious defense[,] the likelihood of success is not the measure. Rather, if any defense relied upon states a defense good at law, then a meritorious defense has been advanced.

*Bavely v. Powell (In Re Basket)*, 219 B.R. 754, 760–61 (B.A.P. 6th Cir. 1998) (internal quotation marks and citations omitted).

In its Motion to Set Aside, California Factors asserts that it is not an "employer" as defined under the Age Discrimination Employment Act ("ADEA"), the Family Medical Leave Act ("FMLA"), and the corresponding Nevada statutes. The ADEA applies to employers who employ 20 or more employees. 29 U.S.C. § 630(b). The FMLA applies to employers with 50 or more employees. 29 U.S.C. § 2611(4). NRS 613.310(2) applies to employers with 15 or more employees. California Factors asserts that it does not employ the minimum number of employees under any of these statutes. If true, this would be a complete defense to Plaintiff's claim. This factor weighs in favor of setting aside the Default.

### C. Whether reopening the default judgment would prejudice the plaintiff

The final factor is whether setting aside the Default will result in any undue prejudice to Plaintiff. To be prejudicial, the setting aside of Default must result in greater harm than simply delaying resolution of the case. Rather, "the standard is whether [Plaintiff's] ability to pursue [her] claim will be hindered." *TCI Group*, 244 F.3d at 701 (internal quotation marks and citation omitted). "To be considered prejudicial, 'the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion.'" *Id.* (quoting *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433–34 (6th Cir. 1996)).

Although a few months have passed since entry of Default, California Factors filed its Motion to set aside that Default within one month of its entry. Plaintiff has not alleged sufficient facts to show that she will suffer any undue prejudice if the Default is set aside. Therefore, this factor weighs in favor of setting aside Default.

**CONCLUSION**

Based on the foregoing,

**IT IS HEREBY ORDERED** that Defendant's Motion to Set Aside Entry of Default (Doc. #43) is **GRANTED**, and the Default is hereby vacated.

**IT IS HEREBY FURTHER ORDERED** that Plaintiff's Counter-Motion for Entry of Default Judgment (Doc. #47) is **DENIED** as moot.

Dated: May 16, 2013.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE