UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Audrey Besserman,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>California Factors and Finance (Arizona), Inc., d/b/a Commercial Finance Group, Inc.,<br><br>　　　　Defendant. | Case No.: 2:11-1340-JAD-VCF<br><br>**Order Granting Motion for Leave to File Second Amended Complaint**<br>**[Doc. 59]** |

　　　　Plaintiff Audrey Besserman alleges that her former employer Defendant California Factors and Finance (Arizona), Inc. ("California")[1] discriminated against her on account of her age by denying her leave under the Family Medical Leave Act. Doc. 37.[2] Besserman generally alleges that she began working for California in 2007. *Id.* at 3. In 2010, when she was 58 years old, Besserman took FMLA leave to undergo a hip replacement surgery, and on October 21, 2010, called her office so that she could return to work. *Id.* However, she was told by her supervisor that she had been laid off because business was slow. *Id.* Besserman contends that although California laid her off, it retained a 19 year-old employee with "significantly less experience and seniority." *Id.* Besserman's Amended Complaint contains a single cause of action for "unlawful discriminatory employment practice," which she claims is governed by (1) the Age Discrimination in Employment Act of 1967,

---

　　[1] Besserman's proposed Amended Complaint was filed against California, as well as "Does I through V, and Roe Corporations I through X." Doc. 59 at 4. Besserman also includes as a Defendant "Nationwide Transport Finance, LLC," although the docket sheet indicates that this Defendant was terminated from the case on January 7, 2013. The Court will refer to "California" or "Defendant" in the singular throughout the course of this Order.

　　[2] Besserman commenced this action on August 17, 2011, and amended her complaint on July 19, 2012. Docs. 1, 37.

1  29 U.S.C. §§ 621-34, and (2) Nevada Revised Statute § 613.330.[3] *See id.* at 4.  She now seeks leave
2  to file a Second Amended Complaint to add a second claim for negligent infliction of emotional
3  distress ("NIED").  Doc. 59 at 7.  For the reasons set forth below, leave to file the Second Amended
4  Complaint is GRANTED.

## Discussion

6  Courts "freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2);
7  *Sonoma County Association of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir.
8  2013).  This policy is "to be applied with extreme liberality."  *Eminence Capital, LLC v. Aspeon,*
9  *Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted).  "If the underlying facts or
10 circumstances relied upon by a plaintiff may be a proper subject of relief, [the Plaintiff] ought to be
11 afforded an opportunity to test his claim on the merits."  *Forman v. Davis*, 371 U.S. 178, 182 (1962).
12 Amendment is by no means automatic.  If the district court finds reasons that justify denying
13 opportunity to amend, then the court has discretion to foreclose amendment.  *See Forman*, 371 U.S.
14 at 182.  In the Ninth Circuit, courts consider five factors when determining whether to grant leave:
15 (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5)
16 whether the plaintiff has previously amended the complaint.  *Johnson v. Buckley*, 356 F.3d 1067,
17 1077 (9th Cir. 2004).  The analysis focuses on the bad faith of the party seeking to amend the
18 complaint, as well as the prejudice to the other party.  *Johnson v. Mammoth Recreations, Inc.*, 975
19 F.2d 604, 609 (9th Cir. 1992); *In re Western States Wholesale Natural Gas Antitrust Litigation*, 715
20 F.3d 716, 737 (9th Cir. 2013).  "The consideration of prejudice to the opposing party carries the
21 greatest weight."  *Sonoma*, 708 F.3d at 1117 (quoting *Eminence Capital*, 316 F.3d at 1052).
22 Moreover, "[f]utility alone can justify the denial of a motion to amend."  *Johnson*, 356 F.3d at 1077.
23 Ultimately, granting or denying leave rests in the sound discretion of the trial court and is
24 reversed only for abuse of discretion.  *Swanson v. U.S. Forest Service*, 87 F.3d 339, 343 (9th Cir.
25 1996).  A district court abuses its discretion where it denies a motion to amend which was not futile

---

28  [3] Besserman also claims that these acts violated the Family Medical Leave Act, although she does not provide a statutory citation thereto.

without making findings of prejudice or bad faith. *Bowles v. Reade*, 198 F.3d 752, 758-59 (9th Cir. 1999).

**A.    Bad Faith**

Besserman claims, without further explanation, that she did not file her Amended Complaint in bad faith. *See* Doc. 59 at 3. California does not specifically raise this element of the Amended Complaint standard.

The Ninth Circuit has suggested that a proposed amended complaint may be offered in bad faith where it seeks to add "new but baseless legal theories." *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 881 (9th Cir. 1999). However, it has also found that a plaintiff seeking to amend a complaint did not act in bad faith when made aware of new factual allegations, which it acted expeditiously to correct. *Owens v. Kaiser Foundation Health Plain, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (finding that plaintiff demonstrated "substantial competent evidence" of failure to include allegations in original complaint, where new counsel had only recently become aware of material filings in related litigation).

The Court finds from its own evaluation of the parties' filings that there is no evidence that Besserman's assertion of her new legal theory was made in bad faith. This factor weighs in favor of granting the amendment.

**B.    Undue Delay**

Besserman claims, without further explanation, that the filing of her Second Amended Complaint has not resulted from undue delay. *See* Doc. 59 at 3. In response, California contends that the case was originally filed on August 17, 2011, and because Besserman has provided no explanation for her delay in seeking this amendment, the Court should view it "with some skepticism." Doc. 62 at 5.

"In assessing timeliness, we do not merely ask whether a motion was filed within the period of time allotted by the district court in a Rule 16 scheduling order. Rather, in evaluating undue delay, we also inquire whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (quotation omitted); *see Texaco, Inc. v. Ponsoldt*, 939 F.2d 794,

1  799 (9th Cir. 1991) (finding that an eight-month delay between the time a relevant fact was obtained
2  to the time that leave to amend was sought was unreasonable).  Consequently, "[d]elay alone does
3  not provide sufficient grounds for denying leave to amend." *Hurn v. Retirement Fund Trust of*
4  *Plumbing, Hearing and Piping Industry of Southern California*, 648 F.2d 1252, 1254 (9th Cir.
5  1981). An explanation that facts were not fully developed at the time the Complaint was filed should
6  be supported by actual facts or theories gleaned during discovery. *Jackson v. Bank of Hawaii*, 902
7  F.2d 1385, 1388 (9th Cir. 1990).

8        Although not directly linked to her argument that there has been no undue delay, Besserman
9  claims that she suffered a stroke and brain seizure on July 30, 2013, "from worrying about this case
10 and how Defendant[] treated her."  Doc. 59 at 2.  Presumably, Besserman seeks to point out that she
11 would not have known about her medical condition prior to her July 30, 2013 stroke, and so the fact
12 that she failed to include her negligent infliction of emotional distress claim in her First Amended
13 Complaint should be overlooked.  Based on the slim evidence currently before the Court, there is no
14 reason to question whether Besserman's medical conditions were known prior to July 30, 2013.
15 Thus, the Court construes this factor in Besserman's favor.

16 **C.   Prejudice to the Opposing Party**

17       Besserman claims that California will not be prejudiced "because it has already answered the
18 Complaint." Doc. 59 at 3.  California contends that it has already propounded interrogatories and
19 requests for production upon Besserman in this case, and as a result of the amendment it will be
20 obligated to absorb the costs of propounding new written discovery, as well as the cost of additional
21 depositions. Doc. 62 at 7-8.[4]

22       The Ninth Circuit has found that an opposing party was unduly prejudiced when the
23 amended complaint would obligate it to conduct additional discovery, even if the degree of
24 discovery was not articulated. *Jackson*, 902 F.2d at 1388.  Prejudice can also occur where a plaintiff
25 is allowed to "advance different legal theories." *Id.* at 1387; *see also Chodos v. West Publishing*

26

27    [4] California also argues that because discovery is scheduled to close on December 14, 2013, it will not
have time to complete additional discovery. Doc. 62 at 7-8. However, in the October 23, 2013, Scheduling Order
28 signed by the U.S. Magistrate Judge, the discovery period in this case was extended to April 3, 2014. Doc. 65
at 3.

*Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (denying Plaintiff's motion for leave to amend to include fraud claim).

The Court finds that the prejudice to California in this case is no different than in any case in which an amended pleading is requested within the deadlines set by a scheduling order—especially where, as here, the proposed amended complaint was filed within the deadlines established by the scheduling order. Moreover, given the limited scope of both Besserman's original complaint, and the limited scope of her proposed amendments, the additional expense which California will incur as a result of allowing the amendment, while inherently prejudicial, only tilts the balance of this factor slightly against granting the amendment.

### D.   Failure of Previous Amendments to Cure Pleading Deficiencies

The district court's discretion to deny a motion for leave to amend a complaint is particularly broad in a circumstance where "a plaintiff has previously been granted leave to amend and fails to add the requisite particularity to her claims." *Rubke v. Capitol Bancorp Ltd.*, 551 F.3d 1156, 1167 (9th Cir. 2009). Besserman does not address why her prior amendment failed to "cure" the pleading deficiency, although presumably the fact that she allegedly suffered a stroke on July 30, 2013, made it impossible for her to allege her deteriorating medical condition until after her First Amended Complaint was filed. California argues that Besserman failed to include her negligent infliction of emotional distress claims in her prior complaint, although she "was free to include all claims for relief and legal theories which she felt were warranted under the circumstances." Doc. 62 at 5. For present purposes, the Court construes this factor in Besserman's favor because there is no evidence that she knew that she would be suffering a stroke on July 30, 2013.

### E.   Futility

Besserman contends that because her lawsuit "is just in the early stages of development, justice requires that [she] have available all claims to which she is entitled." Doc. 59 at 3. California contends that Besserman's negligent infliction of emotional distress theory, not cognizable under the ADEA or FMLA, is equally baseless under Nevada common law. Doc. 62 at 9. In her Reply, Besserman contends that she "has been extremely stressed out and has feelings of

hopelessness," and that because an emotional distress claim must be accompanied by a physical manifestation, she did not have a claim prior to July 30, 2013. Doc. 62 at 2.

An amendment is futile when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (citing *Forman*, 371 U.S. at 182-83. Although Rule 15(a) "encourages leave to amend, district courts need not accommodate futile amendments." *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996). This outcome is warranted where the amendment "would merely enlarge on the legal theory rejected" by the Court. *Kentmaster Manufacturing v. Jarvis Products Corp.*, 146 F.3d 691, 696 (9th Cir. 1998). However, the Ninth Circuit has found that a court may not dismiss an amended complaint on grounds of futility where, for example, the movant "may be able to amend its complaint to state a claim that will survive a motion to dismiss." *Sonoma*, 708 F.3d at 1118.

As noted above, Besserman's Amended Complaint states that "[t]his is an action to redress the deprivation of [her] rights secured by . . . 29 U.S.C. §§ 621-24; the corresponding Nevada Revised Statutes . . . § 613.330 *et seq*. and the Family Medical Leave Act." Doc. 59 at 4.[5] Besserman's NIED claim alleges that she suffered "severe emotional distress, mental anguish, emotional and physical distress resulting in a stroke and brain seizure," and that she has "incur[red] additional medical expenses and other incidental expenses." *Id.* Her recycled "prayer for relief" does not include a specific request any of these new alleged damages, but does include requests for "compensatory" damages, as well as for "such other and further relief as this Court deems necessary and proper." Doc. 59 at 7-8.

Nevada law makes it an unlawful employment practice for an employer "to discharge any person . . . with respect to the person's compensation, terms, conditions or privileges of employment, because of his or her . . . age." NEV. REV. STAT. ANN. § 613.330. This statute "is Nevada's equivalent to Title VII and is almost identical to section 2000e-2(a)(1) of Title VII." *Kindred v. Second Judicial District Court ex rel. County of Washoe*, 996 P.2d 903, 906 n.3 (Nev. 2000).

---

[5] Although Besserman does not explicitly state that she asserts her NIED theory under Nevada common law, the language used in her proposed Second Amended Complaint does not absolutely bar this interpretation, and California has itself construed her pleading as attempting to assert such a theory. *See* Doc. 62 at 9.

Although the plain language of § 613.330 does not provide for tort claims, Nevada federal courts interpreting the statute have predicted that the Nevada Supreme Court would find that the statute does not preempt such theories. *Burns v. Mayer*, 175 F. Supp. 2d 1259, 1267 (D. Nev. 2001) (considering intentional and negligent infliction of emotional distress claims); *Painter v. Atwood*, 912 F. Supp. 2d 962, 965 (D. Nev. 2012) (considering intentional infliction of emotional distress claim).

Nevada common law allows recovery of negligent infliction of emotional distress damages under a "direct" NIED theory. *See Shoen v. Amerco, Inc.*, 896 P.2d 469, 477 (Nev. 1995).[6] A plaintiff must show: (1) the defendant acted negligently, (2) either a physical impact or, in the absence of a physical impact, proof of a serious emotional distress causing physical injury or illness, and (3) actual or proximate causation. *See Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1387 (Nev. 1998); *Minshew v. Donley*, 911 F. Supp. 2d 1043, 1063 (D. Nev. 2012).[7] "In order to sustain a claim of emotional distress . . . the plaintiff needs to show that there was 'extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress.'" *State of Eighth Judicial District Court ex rel. v. County of Clark*, 42 P.3d 233, 241 (Nev. 2002) (quoting *Shoen*, 896 P.2d at 477). "As a general matter, terminating an employee, even if discriminatory, does not amount to extreme and outrageous conduct in and of itself." *Donley*, 911 F. Supp. 2d at 1063.

An NIED claim is "parasitic" in nature; it may not be presented as a stand-alone claim but must rely on a related harm. *See Kennedy v. Carriage Cemetary Services, Inc.*, 727 F. Supp. 2d 925, 935 & n.14 (D. Nev. 2010) (interpreting *Eighth Judicial District* and *Shoen*, and noting that unless "host" action was required, NIED's requirement of "reckless" conduct would be at fundamental

---

[6] To the degree Besserman seeks to assert a claim under the more common "bystander" theory of NIED, this theory would be futile. To recover under this theory, the plaintiff must (1) be closely related to the victim, (2) be located near the scene of the accident, and (3) suffer shock as a result of the accident. *Crippens v. Sav On Drug Stores*, 961 P.2d 761, 762 (Nev. 1998). "The majority of the cases on negligent infliction of emotional distress have involved automobile accidents." *Id.* There is no indication that any other person witnessed Besserman's condition in this case.

[7] Prior to this more recent case development, the Ninth Circuit, interpreting Nevada law, found that emotional distress damages were unavailable in Nevada in the employment context. *See Herman v. United Brotherhood of Carpenters and Joiners of America, Local Union No. 971*, 60 F.3d 1375, 1385-86 (9th Cir. 1995) (citing *Brooks v. Hilton Casinos, Inc.*, 959 F.2d 757, 766 (9th Cir. 1992)).

odds with a cause of action sounding in "negligence"); *Villagomes v. Laboratory Corp. of America*, 783 F. Supp. 2d 1121, 1126 (D. Nev. 2011) (noting that the Nevada Supreme Court has not approved separate NIED claims for direct victims). Such "host" damages may be either physical or economic. *See Kennedy*, 727 F. Supp. 2d at 935 & n.14. "In cases where emotional distress damages are not secondary to physical injuries, but rather, precipitate physical symptoms, either a physical impact must have occurred, or, in the absence of physical impact, proof of serious emotional distress causing physical injury or illness must be presented." *Barmettler*, 956 P.2d at 1387 (quotation omitted). "Insomnia and general physical or emotional discomfort are insufficient to satisfy the physical impact requirement." *Chowdry v. NLVH, Inc.*, 851 P.2d 459, 462 (Nev. 1993).

The Court finds that in this case, other facts "consistent with the challenged pleading" could establish Besserman's claim to recover damages under a direct NIED theory under Nevada common law. She alleges that as a result of California's actions, which include notifying her of her termination, she suffered economic damages, as well as emotional distress which physically manifested itself as a "stroke and brain seizure." Doc. 59 at 7. Although it is an open question whether California's conduct in terminating her employment is sufficiently "extreme and outrageous," and whether Besserman's physical manifestations are sufficiently proximate to California's conduct, for purposes of Rule 15(a)'s liberal amendment standard, the Court cannot say that Besserman's direct NIED damages theory is categorically unsound and therefore futile.[8]

## Conclusion

Accordingly, based upon the foregoing reasons and with good cause appearing and no reason for delay,

/ / /

/ / /

/ / /

---

[8] Having found that Besserman's new NIED theory is not categorically futile as applied to her Nevada State common law claim, the Court need not reach the issue of whether Besserman sought to apply this theory to her ADEA or FMLA claims, nor whether any such application would be futile.

It is **HEREBY ORDERED** that Besserman's Motion for Leave to File Amended Complaint [Doc. 59] is **GRANTED**. Besserman is directed to file the Second Amended Complaint into the record within 10 days of the date of this Order.

DATED: November 12, 2013.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE